WEAVER, J.
(concurring). I concur in the result of the opinion per curiam because I agree that the revenues at issue are not constitutionally dedicated and that the Governor had the authority to reduce the Legislature’s allocation of general sales tax revenues to the Comprehensive Transportation Fund. As noted by the majority opinion, Const 1963, art 9, § 9 places a ceiling on the amount of general sales tax revenues that can be used for comprehensive transportation purposes, but it does not dedicate any specific amount of general sales tax revenues to be used for comprehensive transportation purposes. I also agree with the majority that art 9, § 9 is not ambiguous.
I write separately because I cannot join some of the principles of constitutional interpretation, as they are articulated and applied in the opinion per curiam, including the standard of review section of the opinion, which relies on cases in which I concurred in part and dissented in part. See Wayne Co v Hathcock, 471 Mich 445, 485; 684 NW2d 765 (2004) (WEAVER, J., concurring in part and dissenting in part), and Silver Creek Drain Dist v Extrusions Div, Inc, 468 Mich 367, 382; 663 NW2d 436 (2003) (WEAVER, J., concurring in part and dissenting in part). In each of these cases, I disagreed with the method by which the majority attempted to carry out our mandate that we interpret a constitutional provision according to the “common understanding” that the people would give it.[1]
*19 Further, although I agree that the Court of Appeals was wrong to conclude that art 9, § 9 is ambiguous, I would not be unduly critical of the Court of Appeals for considering the history and purpose of the amendment. Ante at 17. A court may “also consider the circumstances surrounding the adoption of a constitutional provision and the purpose sought to be accomplished by it” when the common understanding of the provision is questioned. Wayne Co, supra at 487 (citing Traverse City School Dist, supra at 405). Moreover, when interpreting a constitution, “the technical rules of statutory construction do not apply.” Traverse City School Dist, supra at 405.
For these reasons, I concur in the result of the opinion per curiam.

 As described by Justice COOLEY, the rule of “common understanding” means:
“A constitution is made for the people and by the people. The interpretation that should be given it is that which reasonable minds, the great mass of the people themselves, would give it. ‘For *19 as the Constitution does not derive its force from the convention which framed, but from the people who ratified it, the intent to be arrived at is that of the people, and it is not to be supposed that they have looked for any dark or abstruse meaning in the words employed, but rather that they have accepted them in the sense most obvious to the common understanding, and ratified the instrument in the belief that that was the sense designed to be conveyed.’ ” [Traverse City School Dist v Attorney General, 384 Mich 390, 405; 185 NW2d 9 (1971), quoting Cooley’s Const Lim 81 (emphasis in Traverse City School Dist).]